UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK D. HOWARD,<br><br>Plaintiff,<br><br>v.<br><br>FIRST HORIZON HOME LOAN CORPORATION, et al.,<br><br>Defendants. | Case No. 12-cv-05735-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; GRANTING MOTION TO STRIKE**<br><br>Re: ECF Nos. 48, 49 |

In this action for breach of contract and related claims, Defendant Metlife moves to dismiss the claims asserted against it and to strike Plaintiff Howard's request for attorney's fees from the operative complaint. For the reasons set forth below, the motion to dismiss is GRANTED IN PART and DENIED IN PART and the motion to strike is GRANTED.

## I.   BACKGROUND

**A.   Howard's Claims**

This action arises out of the initiation of foreclosure proceedings on a residential property located at 9235 Braquet Lane in Gilroy, California ("the property"). First Am. Compl. ("FAC") ¶ 11, ECF No. 28.

In 2005, Plaintiff Patrick D. Howard obtained a loan for $930,000 from Defendant First Horizon ("the loan"), which is secured by the property via a deed of trust executed in favor of First Horizon. Id. ¶ 12; see also Request for Judicial Notice ("RJN"), Ex. 1, ECF No. 50.[1]

Howard did not make any loan payments from October 2008 to October 2010. FAC ¶ 16.

---

[1] The Court takes judicial notice of the instruments pertaining to the loan and foreclosure at issue because the complaint incorporates such instruments by reference and no party questions their authenticity. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

1 Howard applied for a loan modification from First Horizon in November 2008. Id. ¶ 13. In
2 August 2009, a First Horizon agent told Howard that his requested loan modification had been
3 approved and that the terms of the deed of trust had changed such that Howard's monthly
4 payments with respect to the loan would be reduced to $3,833.48. Id. ¶¶ 14, 15. Yet, in late 2009,
5 MetLife, the subservicer of the loan, recorded a notice of default and a notice of trustee's sale with
6 respect to the property. Id. ¶¶ 18, 19. Howard paid the arrears of $73,633.53, and the notices of
7 default and of trustee's sale were rescinded. Id. ¶¶ 20, 21.

Howard received a notice from First Horizon in May 2011 projecting an escrow shortage of $31,577.64. Id. ¶ 22. Howard made regular monthly payments to Metlife following this notice. Id. ¶ 25. Then, in May 2012, Howard received a notice from Defendant Nationstar, the new servicer of the loan, stating that the loan had an escrow shortage of $27,048.38. Id. ¶ 27. The following month, a Nationstar employee told Howard that the property was in foreclosure. Id. ¶ 29. Then, in October 2012, a second notice of default was recorded against the property. RJN, Ex. 5, ECF No. 12.

Howard brings the following five claims against Defendants First Horizon, the lender and former trustee under the deed of trust; Metlife, the subservicer of the loan; Nationstar, the servicer of the loan; and the Bank of New York, the successor trustee under the deed of trust: (1) breach of contract; (2) misrepresentation; (3) breach of the implied covenant of good faith and fair dealing; (4) unjust enrichment; (5) violations of California's Unfair Competition Law; and (6) declaratory relief. Each of these claims is premised on allegations that Defendants failed to track and apply Howard's loan payments in accordance with the deed of trust and to provide him with accurate information regarding the loan.

**B.    Procedural History**

Metlife removed this action from the Superior Court of Santa Clara County on the basis of diversity jurisdiction under 28 U.S.C. Section 1332. ECF No. 1.

**C.    Jurisdiction**

The Court has jurisdiction over this action under 28 U.S.C. Section 1332.

//

## II.   MOTION TO DISMISS

### A.   Legal Standard

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. When dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

### B.   Discussion

Metlife moves under Rule 12(b)(6) to dismiss each of the claims that Howard has asserted against it. The Court examines the legal sufficiency of each of these claims in turn.

#### 1.   Breach of Contract

Howard alleges that the deed of trust is a valid contract between himself and each of the Defendants and that Defendants breached it when they failed to track and apply his loan payments. FAC ¶¶ 32-42. Howard further alleges that each of the defendants were "agents for one another." Id. ¶ 5.

Metlife moves to dismiss this claim on the basis that Howard has failed to allege the existence of any contract between Howard and Metlife. Metlife argues that, as a loan servicer, it is not a party to the deed of trust and therefore does not owe any duties to Howard under the deed of trust.

To state a claim for breach of contract, a plaintiff must plead sufficient factual matter to show "the existence of the contract, performance by or excuse for nonperformance by the plaintiff,

3

breach by the defendant, and damages." First Comm'l Mortg. Co. v. Reece, 89 Cal. App. 4th 731, 745 (Cal. Ct. App. 2001).

Here, Howard fails to state a claim for breach of contract against Metlife based on the deed of trust, because Metlife is not a party to that contract. Under California law, a mortgagor cannot bring a claim for breach of contract against a servicer premised on the deed of trust because a loan servicer is not a party to the deed of trust. See e.g., Conder v. Home Savings of America, 680 F. Supp. 2d 1168, 1174 (C.D. Cal. 2010) ("The fact that [the servicer] entered into a contract with [the lender] to service Plaintiff's loan does not create contractual privity between [the servicer] and Plaintiff"); Lomboy v. SCME Mortg. Bankers, No. 09-cv-1160 SC, 2009 WL 1457738, at *5 (N.D. Cal. May 26, 2009) ("[A] loan servicer . . . is not a party to the Deed of Trust itself"); see also Hatch v. Collins, 225 Cal. App. 3d 1104, 1111 (Cal. Ct. App. 1990) ("The deed of trust constitutes a contract between the trustor and the beneficiary, with the trustee acting as agent for both and acting pursuant to the terms of the instrument and their instructions."). Here, Howard alleges that Metlife is a "subservicer" of the loan. FAC ¶¶ 4, 23. In light of the authorities discussed above, this allegation is insufficient to establish that a contractual relationship exists between Metlife and Howard. Accordingly, Howard fails to state a claim for breach of the deed of trust against Metlife on the basis that Metlife was a servicer of the loan.

Similarly, Howard also fails to state a claim for breach of the deed of trust against Metlife on the basis that Metlife was an agent of First Horizon, the lender and original trustee, because under California law, "an agent cannot be held liable for breach of a duty which flows from a contract to which he is not a party." Filippo Indus., Inc. v. Sun Ins. Co. of New York, 74 Cal. App. 4th 1429, 1442 (Cal. Ct. App. 1999). Here, Metlife is not a party to the deed of trust; accordingly, Metlife cannot be held liable for any breaches of the deed of trust.

For these reasons, this claim is DISMISSED WITH LEAVE TO AMEND as to Metlife.

**2. Breach of the Implied Covenant of Good Faith and Fair Dealing**

Howard alleges that Defendants breached the implied covenant of good faith and fair dealing by failing to track and apply his loan payments and by failing to provide him with accurate information pertaining to the loan. FAC ¶¶ 55-60.

4

Metlife moves to dismiss this claim on the grounds that Howard cannot state a claim for breach of the implied covenant because it owed no special duty to Howard and because the implied covenant exists only in the insurance context.

The covenant of good faith and fair dealing is implied by law in every contract; its purpose is to prevent a contracting party from unfairly frustrating another party's right to receive the benefits of the contract. See Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 349 (Cal. 2000). "The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties." Smith v. City & Cnty. of San Francisco, 225 Cal. App. 3d 38, 49 (Cal. Ct. App. 1990). "To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract." Fortaleza v. PNC Fin. Servs. Group, Inc., 642 F. Supp. 2d 1012, 1021-22 (N.D. Cal. 2009) (citations omitted).

Here, Howard has failed to allege the existence of a contractual relationship between Howard and Metlife. As discussed above, such a relationship does not exists on the basis that Metlife acted as a loan servicer or as an agent for First National in connection with the deed of trust. Accordingly, Howard fails to state a claim for breach of the implied covenant of good faith and fair dealing. See Smith, 225 Cal. App. 3d at 49 ("Without a contractual relationship, [a plaintiff] cannot state a cause of action for breach of the implied covenant."). This claim is DISMISSED WITH LEAVE TO AMEND.

**3.     Misrepresentation**

Howard alleges that Metlife made misrepresentations with respect to the loan because it provided to Northstar "inaccurate, incomplete or otherwise incorrect information" about the status of Howard's loan modification, loan payments, and property taxes. FAC ¶ 46.

Metlife moves to dismiss this claim on the ground that the FAC contains no allegations showing that Metlife made misrepresentations to Howard.

To state a claim for fraud, also known as intentional misrepresentation, a plaintiff must plead "(a) misrepresentation; (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to

induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Napster, Inc. Copyright Litig., 479 F.3d 1078, 1096 (9th Cir. 2007) (citations and internal quotation marks omitted). A plaintiff asserting a claim for misrepresentation must comply with the heightened pleading standards of Federal Rule of Civil Procedure 9(b), which requires "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." See Schwartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007).

Here, Howard fails to state a claim for misrepresentation because the complaint is devoid of allegations showing that Metlife made any false statements to Howard and because Howard has failed to satisfy the pleading standards of Rule 9(b). Accordingly, Howard's misrepresentation claim against Metlife is DISMISSED WITH LEAVE TO AMEND.

### 4. Unjust Enrichment

Howard alleges that Defendants were unjustly enriched when they received Howard's monthly loan payments but failed to apply such payments in accordance with the deed of trust. FAC ¶¶ 62-69. Metlife moves to dismiss this claim, arguing that a cause of action for unjust enrichment does not exist.

Under California law, a plaintiff cannot bring a stand-alone claim for unjust enrichment. "Unjust enrichment is not a cause of action, just a restitution claim." Hill v. Roll Int'l Corp., 195 Cal. App. 4th 1295, 1307, (2011).

Accordingly, this claim is DISMISSED as to Metlife. The Court grants Howard LEAVE TO AMEND his complaint to include a request for restitution with respect to Metlife if such a request is supported by at least one cause of action.

### 5. Unfair Competition Law ("UCL")

Howard alleges that Defendants violated California's Unfair Competition Law by failing to accurately apply his loan payments, track his loan payments and property taxes, finalize his loan modification, and by committing "other acts" in violation of California Civil Code Section 2923.5. FAC ¶¶ 70-77. Howard further alleges that these acts were deceptive because they led Howard to believe that he had been approved for a loan modification when, in fact, he had not. Id. ¶ 75.

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or

6

fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "An act can be alleged to violate any or all of the three prongs of the UCL—unlawful, unfair, or fraudulent." Berryman v. Merit Prop. Mgmt., Inc., 62 Cal. Rptr. 3d 177, 185 (Cal. Ct. App. 2007).

Metlife moves to dismiss Howard's UCL claim on the basis that Howard has failed to allege facts to state a claim under any of the three prongs of the UCL. The Court now addresses each of these prongs in turn.

### a. Unlawful Prong

An act is unlawful under the UCL if it violates another law. "[V]irtually any state, federal or local law can serve as the predicate for an action under section 17200." Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, 1168 (9th Cir. 2012) (citation omitted).

Here, Howard fails to state a claim under the unlawful prong of the UCL for two reasons. First, to the extent his claim is premised on Metlife's alleged failure to accurately apply and track Howard's loan payments and to finalize his loan modification, Howard fails to allege the predicate law that was violated by these alleged acts. Second, to the extent that his claim is premised on the "other acts" that Metlife allegedly committed in violation of California Civil Code Section 2923.5, Howard fails to specify the nature of such acts. Accordingly, this claim is DISMISSED WITH LEAVE TO AMEND.

### b. Unfair Prong

"An act or practice is unfair if the consumer injury is substantial, is not outweighed by any countervailing benefit to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided." Daugherty v. Am. Honda Motor Co., 51 Cal. Rptr. 3d 118, 129 (Cal. Ct. App. 2006). "[T]he determination of whether a particular business practice is unfair necessarily involves an examination of its impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoing." Berryman v. Merit Prop. Mgmt ., Inc., 62 Cal. Rptr. 3d 177, 187 (Cal. Ct. App. 2007).

The Court concludes that Howard's allegations state a claim under the unfair prong of the UCL. Howard alleges that, despite his efforts to obtain information about the loan from

7

Defendants and to stay current on his loan payments in accordance with Defendants' representations about the amounts he owed, each of the Defendants, including Metlife, failed to apply his loan payments, provide him with accurate information about his loan account, and finalize his loan modification, which resulted in the initiation of foreclosure proceedings on the property. FAC ¶¶ 37, 38, 40, 46, 74, 79. These allegations are sufficient to raise the reasonable inference that Metlife's alleged acts are unfair within the meaning of the UCL. Accordingly, Metlife's motion to dismiss this claim is DENIED.

### c. Fraudulent Prong

A plaintiff may bring a claim under the fraudulent prong of the UCL if the defendant's conduct is "likely to deceive." Newsom v. Countrywide Home Loans, Inc., 714 F. Supp. 2d 1000, 1012 (N.D. Cal. 2010) (citing Morgan v. AT & T Wireless Servs., Inc., 99 Cal. Rptr. 3d 768, 785 (Cal. Ct. App. 2009)). To state a claim for fraud under the UCL, a plaintiff must allege the existence of (1) a duty to disclose, and (2) reliance. Id. (citations omitted). Additionally, a claim for fraudulent conduct under the UCL must meet the heightened pleading requirements of Rule 9(b). See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). A plaintiff satisfies his pleading burden under Rule 9(b) by alleging the "who, what, where, when, and how" of the charged misconduct. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)

Here, Howard has failed to state a claim against Metlife under the fraudulent prong of the UCL. This claim is premised on allegations that Defendants led Howard to believe that he had been approved for a loan modification when he had not been so approved. FAC ¶ 75. The complaint is devoid of any allegations showing that Metlife made any statements to Howard about a loan modification or that Metlife had a duty to disclose to Howard information pertaining to a loan modification. Howard also fails to satisfy the pleading requirements of Rule 9(b). Accordingly, this claim is DISMISSED WITH LEAVE TO AMEND as to Metlife.

### 6. Declaratory Relief

Howard alleges that an actual controversy exists between himself and each of the Defendants with respect to their rights and obligations under the loan and deed of trust; he therefore seeks a "judicial determination" of such rights. FAC ¶¶ 78-84.

Metlife moves to dismiss this claim, arguing that no actual controversy exists between it and Howard because no contractual relationship exists between them.

Under California law, declaratory relief is a remedy and not a cause of action. <u>Rosenfeld v. JPMorgan Chase Bank, N.A.</u>, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) (noting that "declaratory and injunctive relief are not causes of action; rather, they are remedies") (citing <u>McDowell v. Watson</u>, 59 Cal.App.4th 1155, 1159 (Cal. Ct. App. 1997)). Here, each of the claims that Howard has asserted against Metlife has been dismissed; accordingly, his request for declaratory relief as a remedy also must be DISMISSED as to Metlife. The Court grants Howard LEAVE TO AMEND his complaint to include a request for declaratory judgment with respect to Metlife if such a request is supported by at least one cause of action.

### III.   MOTION TO STRIKE

**A.   Legal Standard**

A district court may strike from a pleading "any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).

**B.   Discussion**

Metlife moves to strike Howard's request for attorney's fees on the basis that Howard has not alleged any factual or legal basis for his request. ECF No. 49.

In his opposition, Howard argues that his request for attorney's fees is appropriate because the deed of trust contains a provision, which he does not identify, that allows parties to the deed of trust to seek attorney's fees. Opp'n at 3, ECF No. 55.

As Howard does not identify any provision in the deed of trust that would allow him to recover attorney's fees, Metlife's motion to strike Howard's request for attorney's fees is GRANTED WITH LEAVE TO AMEND. Howard may seek attorney's fees in any amended complaint as long as he specifies the provision in the deed of trust that would permit the request.

### IV.   CONCLUSION

Metlife's motion to dismiss each of the claims that Howard has asserted against it is GRANTED IN PART AND DENIED IN PART. Howard's claims against Metlife for breach of contract, breach of the implied covenant of good faith and fair dealing, misrepresentation, unjust

1 enrichment, unlawful and fraudulent business practices under the UCL, and declaratory relief are
2 DISMISSED WITH LEAVE TO AMEND. Metlife's motion to dismiss Howard's claim against
3 Metlife under the unfair prong of the UCL is DENIED.

Metlife's motion to strike Howard's request for attorney's fees is GRANTED WITH LEAVE TO AMEND.

Howard may file an amended complaint that cures the deficiencies identified in this Order within twenty-one days of the date this Order is filed.

**IT IS SO ORDERED**.

Dated: June 18, 2013

_____
JON S. TIGAR
United States District Judge