1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6

7   PATRICK D. HOWARD,                    Case No.  12-cv-05735-JST

            Plaintiff,
8                                          **ORDER GRANTING IN PART AND**
                                           **DENYING IN PART MOTION TO**
9       v.                                 **DISMISS; DENYING MOTION TO**
                                           **STRIKE**
10  FIRST HORIZON HOME LOAN
    CORPORATION, et al.,                   Re: ECF Nos. 67, 69
11
            Defendants.

12          In this action for breach of contract and related claims, Defendant Metlife moves to

13  dismiss the claims that Plaintiff Howard has asserted against it and to strike Howard's request for

14  attorney's fees from the Second Amended Complaint ("SAC").  For the reasons set forth below,

15  the motion to dismiss is GRANTED IN PART and DENIED IN PART and the motion to strike is

16  DENIED.

17  **I.      BACKGROUND**

18          **A.      Howard's Claims**

19          This action arises out of the initiation of foreclosure proceedings on a residential property

20  located at 9235 Braquet Lane in Gilroy, California ("the property").

21          In 2005, Plaintiff Patrick D. Howard obtained a loan for $930,000 from Defendant First

22  Horizon ("the loan"), which is secured by the property via a deed of trust executed in favor of First

23  Horizon.

24          Howard did not make any loan payments from October 2008 to October 2010.  Howard

25  applied for a loan modification from First Horizon in November 2008.  In August 2009, a First

26  Horizon agent told Howard that his requested loan modification had been approved and that the

27  terms of the deed of the trust had changed such that Howard's monthly payments with respect to

28  the loan would be reduced to $3,833.48.  Yet, in late 2009, Metlife, the subservicer of the loan,

United States District Court
Northern District of California

recorded a notice of default and a notice of trustee's sale with respect to the property.  Howard paid the arrears of $73,633.53, and the notices of default and of trustee's sale were rescinded.

Howard received a notice from First Horizon in May 2011 projecting an escrow shortage of $31,577.64.  Howard made regular monthly payments to Metlife following this notice.  Then, in May 2012, Howard received a notice from Defendant Nationstar, the new servicer of the loan, stating that the loan had an escrow shortage of $27,048.38.  The following month, a Nationstar employee told Howard that the property was in foreclosure.  Then, in October 2012, a second notice of default was recorded against the property.

Howard brings the following claims against Defendants First Horizon, the lender and former trustee under the deed of trust; Metlife, the subservicer of the loan; Nationstar, the servicer of the loan; and the Bank of New York, the successor trustee under the deed of trust: (1) breach of contract against First Horizon and the Bank of New York only; (2) inducement of breach of contract against Metlife and Nationstar only; (3) negligent misrepresentation against all Defendants; (4) breach of the implied covenant of good faith and fair dealing against First Horizon and the Bank of New York; (5) inducement of the implied covenant of good faith and fair dealing against Metlife and Nationstar only; (6) invasion of privacy (false light) against all Defendants; (7) violations of California's Unfair Competition Law; and (8) declaratory relief.

**B.     Procedural History**

Metlife removed this action from the Superior Court of Santa Clara County on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  ECF No. 1.  In December 2012, Howard filed his First Amended Complaint.  ECF No. 28.  The Court granted in part and denied in part Metlife's motion to dismiss and motion to strike with leave to amend.  ECF No. 59.  Howard filed the SAC on July 9, 2013.  ECF No. 60.

**C.     Jurisdiction**

The Court has jurisdiction over this action under 28 U.S.C. § 1332.

/ / /

/ / /

/ / /

United States District Court
Northern District of California

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## II.    MOTION TO DISMISS

### A.    Legal Standard

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  When dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).  The district court, however, has "broad" discretion to deny leave to amend "where plaintiff has previously amended the complaint." Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).

### B.    Analysis

#### 1.    Howard's Motion for Leave to Assert New Claims is Granted

Metlife moves under Rule 12(b)(6) to dismiss each of the claims that Howard has asserted against it.  Metlife argues that three of these claims—namely those for inducement of breach of contract, inducement of breach of the implied convenant of good faith and fair dealing, and invasion of privacy (false light)—must be dismissed on the basis that they were asserted for the first time in the SAC without leave of court in violation of Federal Rule of Civil Procedure 15(a). ECF No. 67 at 10.

Howard responds that the assertion of these three claims in the SAC was not improper because such claims fall within the scope of the allegations in the First Amended Complaint.  ECF No. 71 at 3.  Alternatively, Howard requests leave in his opposition to assert these three claims on the grounds that Metlife will not be prejudiced and that discovery has not yet begun.  Id.

Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once "as a

3

United States District Court
Northern District of California

matter of course" within 21 days of serving it or within 21 days after a response to it has been filed. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A district court "should freely give leave" to amend a pleading "when justice so requires." Id. "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted). "Not all of the factors merit equal weight . . . it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir.2003). "The party opposing amendment bears the burden of showing prejudice." DCD Programs, 833 F.2d at 187. Generally, a court must make the determination of whether to grant leave "with all inferences in favor of granting the motion." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999).

The Court concludes that Howard was required to seek leave of court under Rule 15(a)(2) before asserting the three claims at issue in the SAC. The Court nevertheless finds that leave to amend is appropriate with respect to these claims because Metlife provides no indication that it would be prejudiced by the amendment, which is the factor that carries the most weight in the Rule 15(a) analysis. See Eminence Capital, 316 F.3d at 1052. Additionally, the action is in its early stages. Accordingly, Howard's request for leave to assert the three claims at issue in the SAC is GRANTED.

The Court now examines the legal sufficiency of each of the claims that Metlife seeks to dismiss under Rule 12(b)(6).

### 2.    Inducement of Breach of Contract

Howard alleges that Metlife induced First Horizon and the Bank of New York to breach the deed of trust by failing to track and apply Howard's loan payments and by failing to provide Howard with accurate information pertaining to the loan. SAC ¶¶ 44-50. Howard further alleges that Metlife "had knowledge" of the loan agreement, the terms of the deed of trust, and of the fact that Howard had "cured his default" and "remained current on his loan payments." Id. ¶¶ 45-46.

4

United States District Court
Northern District of California

Metlife also allegedly "knew" that if it misapplied Howard's mortgage payments, First Horizon and the Bank of New York would foreclose on the property.  Id. ¶¶ 45-46.  Howard avers that, despite having this knowledge, Metlife "refused" to properly apply and accept Howard's loan payments, which caused Howard to incur late fees and attorney's fees, and placed Howard's property in danger of foreclosure.  Id. ¶¶ 46-51.

Metlife moves to dismiss this claim on the grounds that (1) Howard has failed to allege that Metlife intended to induce a breach of the deed of trust; and (2) that to the extent that the claim is premised on a breach of any purported agreement to modify the loan and the deed of trust, the claim is barred by the statute of frauds.

To state a claim for inducement of breach of contract, a plaintiff must plead "that the defendant 'had knowledge of the existence of the contract and intended to induce a breach thereof, that the contract was in fact breached resulting in injury to plaintiff, and the breach and resulting injury must have been proximately caused by defendant's unjustified or wrongful conduct.'" 625 3rd St. Associates, L.P. v. Alliant Credit Union, 633 F. Supp. 2d 1041, 1048 (N.D. Cal. 2009) (quoting Freed v. Manchester Serv., Inc., 165 Cal. App. 2d 186, 189 (1958)).

Here, contrary to Metlife's arguments, Howard has sufficiently alleged intent to induce a breach of the deed of trust with respect to Metlife.  Specifically, Howard alleges that Metlife was aware of all of the terms of the loan and the deed of trust, and that Howard was current on his payments and had cured the default.  Howard further alleges that Metlife nevertheless failed to properly apply and accept Howard's payments, which ultimately led First Horizon and the Bank of New York to initiate foreclosure proceedings with respect to the property.  These averments are sufficient to plausibly allege that Metlife intended to induce a breach of contract.  Accordingly, Metlife's motion to dismiss this claim on the ground that Howard has failed to allege intent must be DENIED.

Metlife also argues that the claim must be dismissed to the extent it is premised on the breach of an oral agreement to modify the loan and deed of trust, because such a claim is barred by the statute of frauds.  Metlife contends that Howard has not alleged the existence of a writing memorializing the purported oral agreement to modify the loan and deed of trust.

United States District Court
Northern District of California

Howard responds that this claim is premised on Defendants' failure to "honor" the alleged loan modification that First Horizon orally promised him and admits that the statute of frauds would apply to any such modification.  ECF No. 71 at 3-4.  He argues, however, that the modification falls within an exception to the statute of frauds, namely one that applies when the promisee is fraudulently led to believe by the promisor that the modification is in writing and the promisee relies upon this fraudulent conduct.  Id. (citing Cal. Civ. Code § 1623).

Agreements "for the sale of real property, or of an interest therein" are subject to the statute of frauds.  Cal. Civ. Code. § 1624(a)(3); see also Secrest v. Sec. Nat. Mortgage Loan Trust 2002-2, 167 Cal. App. 4th 544, 547 (2008) (holding that "an agreement by which a lender agreed to forbear from exercising the right of foreclosure under a deed of trust securing an interest in real property comes within the statute of frauds").  "An agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds."  Id. at 553 (citations omitted); see also Cal. Civ. Code § 1698 (providing that, unless the contract expressly provides otherwise, a written contract may be modified via oral agreement if the oral agreement is supported by new consideration and the statute of frauds is "satisfied if the contract as modified is within its provisions").  An agreement to modify a contract that falls within the statute of frauds need not satisfy the statute of frauds, however, if it "is prevented from being put into writing by the fraud of a party thereto."  Cal. Civ. Code § 1623.  In this situation, "any other party who is by such fraud led to believe that [the modification] is in writing, and acts upon such belief to his prejudice, may enforce it against the fraudulent party."  Id.

Here, no party disputes that the purported modification to the loan and the deed of trust is subject to the statute of frauds.  The issue is whether Howard has alleged facts to show that the modification falls within the fraud exception to the statute of frauds.  See Cal. Civ. Code § 1623.  A review of the complaint reveals that it is devoid of any allegations suggesting that any of the Defendants fraudulently failed to put the loan modification agreement into writing within the meaning of section 1623.  Indeed, the only allegations in the SAC pertaining to the memorialization of the purported loan modification are that First Horizon approved of a loan

modification in 2009 but never provided Howard with "the written documents specifying the term[s]" of the modification.  SAC ¶¶ 2, 12.  Accordingly, Metlife's motion to dismiss this claim is GRANTED WITH LEAVE TO AMEND.  If Howard choses to re-assert this claim in an amended complaint, he must satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b) to the extent that he intends to rely on the fraud exception to the statute of frauds.

### 3.     Negligent Misrepresentation

Howard alleges that Metlife provided to the other Defendants "inaccurate, incomplete, or otherwise incorrect information" about the status of the loan modification, Howard's loan payments, and property taxes.  SAC ¶¶ 56-57.  Howard also alleges that Metlife "perpetuated" false statements made by First Horizon indicating that Howard "need not make payments under either the old terms or the new terms until the paperwork had been processed."  Id. ¶ 55.

Metlife moves to dismiss this claim on the grounds that Howard fails to allege that any of the statements at issue were made by Metlife to Howard, and that the allegations supporting this claim fail to satisfy Rule 9(b).

Howard responds that the allegations in the SAC sufficiently state a claim for negligent misrepresentation as to Metlife.

The Court first determines whether Rule 9(b)'s heightened pleading requirements apply to a claim for negligent misrepresentation.  The Ninth Circuit "has not yet decided" whether Rule 9(b) applies to negligent misrepresentation claims.  See Anschutz Corp. v. Merrill Lynch & Co., 785 F. Supp. 2d 799, 823 (N.D. Cal. 2011); but see Miller v. Int'l Bus. Mach. Corp., 138 Fed.Appx. 12, 17 (9th Cir.2005) (unpublished decision finding negligent misrepresentation claim only needs to satisfy Rule 8).  Although several courts in this district have applied Rule 9(b) to negligent misrepresentation claims, the Court will decline to do so here.

The Court is instead persuaded by the reasoning set forth in Petersen v. Allstate Indem. Co., 281 F.R.D. 413, 418 (C.D. Cal. 2012).  There, the court concluded that the language and underlying policy of Rule 9(b) do not support applying that rule to claims for negligent misrepresentation because "Rule 9(b) is expressly limited to allegations of fraud or mistake," whereas a claim for negligent misrepresentation only "requires that the defendant lacked any

1   reasonable ground for believing [its] statement to be true." Id. (citations and internal quotation

2   marks omitted).  As such, "because an allegation of negligent misrepresentation suggests only that

3   the defendant failed to use reasonable care—an objective standard—it does not result in the kind

4   of harm that Rule 9(b) was designed to prevent." Id. (citation and internal quotation marks

5   omitted).  In addition to drawing on the language of and policy behind Rule 9(b), the Petersen

6   court also canvassed the recent decisional authority, including cases from the Fifth and Seventh

7   Circuits, and concluded that "the tide of precedent is turning" against applying Rule 9(b) to

8   negligent misrepresentation cases.  Id.

9          This Court finds Judge Carter's opinion in Petersen persuasive, and adopts both its

10  reasoning and its holding.  Accordingly, the Court concludes that to allege a negligent

11  misrepresentation claim, Plaintiff must satisfy the requirements of Rule 8, but does not need to

12  satisfy the heightened pleading requirements of Rule 9(b).

13         The Court now turns to the question of whether Plaintiff has stated such a claim.  To state a

14  claim for negligent misrepresentation, a plaintiff must plead "(1) the misrepresentation of a past or

15  existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to

16  induce another's reliance on the fact misrepresented, (4) justifiable reliance on the

17  misrepresentation, and (5) resulting damage." Apollo Capital Fund, LLC v. Roth Capital Partners,

18  LLC, 158 Cal. App. 4th 226, 243 (Cal. Ct. App. 2007).

19         Metlife argues that the claim must be dismissed because Howard has not alleged facts

20  showing that the statements that form the basis of the claim were made by Metlife to Howard.

21  The Court concludes that the claim cannot be dismissed on this basis.  Under California law, "a

22  representation may be actionable even though it was not made directly to the party seeking

23  recovery." Mirkin v. Wasserman, 5 Cal. 4th 1082, 1111 (Cal. 1993) (citations omitted).  Indeed,

24  the California Supreme Court has held that "[a] misrepresentation is no less actionable . . . because

25  it was originally made to an intermediary who conveyed it to the party ultimately injured." Id.

26  (citations omitted).  For a claim for negligent misrepresentation to be actionable, "[t]he

27  representation must have been made with the intent to defraud plaintiff, or a particular class of

28  persons to which plaintiff belongs, whom defendant intended or reasonably should have foreseen

United States District Court
Northern District of California

8

1    would rely upon the representation." See Murphy v. BDO Seidman, LLP, 113 Cal. App. 4th 687,

2    776 (Cal. Ct. App. 2003).

3        Here, Howard alleges that Metlife provided inaccurate, incomplete or otherwise incorrect

4    information to Nationstar (the servicer of the loan) regarding the loan, including but not limited to

5    the status of the loan modification, the payments made by Howard, and the amount of property

6    taxes owed by Howard.  SAC ¶¶ 56-58.  Howard avers that Metlife made these statements with the

7    intent of inducing Howard to rely on them, and that these statements ultimately were made to him

8    by the other Defendants.  Id.  Howard further alleges that he relied on Metlife's statements when

9    he decided not to pay certain amounts owed on the loan, which ultimately led to the initiation of

10   foreclosure proceedings on the property.  Id. ¶¶ 4, 59.   Because these allegations are sufficient to

11   state a claim for negligent misrepresentation, Metlife's motion to dismiss this claim is DENIED.

### 4.    Inducement of Breach of the Implied Covenant of Good Faith and Fair Dealing

12       Howard alleges Metlife induced First National and the Bank of New York to breach the

13   implied covenant of good faith and fair dealing by failing to track and apply Howard's loan

14   payments.  SAC ¶¶ 74-79.

15       Metlife moves to dismiss this claim on the ground that it is not recognized under California

16   law and because it is duplicative of Howard's claim for inducement of breach of contract.

17       Howard does not squarely address Metlife's arguments; instead, he argues that this claim

18   should survive Metlife's motion for "the same reasons [his] cause of action for inducing breach of

19   contract should survive."  ECF No. 71 at 4-5.

20       The Court concludes that this claim must be dismissed, as Howard does not cite any

21   authority establishing that a claim for inducement of breach of the implied convenant of good faith

22   and fair dealing is cognizable under California law.  Metlife's motion to dismiss this claim is

23   GRANTED WITHOUT LEAVE TO AMEND.

### 5.    Invasion of Privacy (False Light)

24       In his opposition, Howard voluntarily withdrew this claim as to Metlife.  ECF No. 71 at 5.

25   This claim is deemed DISMISSED WITH PREJUDICE as to Metlife.  Accordingly, Metlife's

26   motion to dismiss this claim is DENIED AS MOOT.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

### 6.      Unfair Competition Law ("UCL")

Howard alleges that Defendants violated California's Unfair Competition Law by failing to accurately apply his loan payments, track his loan payments and property taxes, finalize his loan modifications, and by committing "other acts" in violation of California Civil Code § 2923.5. SAC ¶¶ 88-95.

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal Bus. & Prof. Code § 17200.  "An act can be alleged to violate any or all of the three prongs of the UCL – unlawful, unfair, or fraudulent." Berryman v. Merit Prop. Mgmt., 62 Cal. Rptr. 3d 177, 185 (Cal. Ct. App. 2007).

#### a.      Unlawful Prong

An act is unlawful under the UCL if it violates another law.  "[V]irtually any state, federal or local law can serve as the predicate for an action under section 17200." Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, 1168 (9th Cir. 2012) (citation omitted).

Here, Howard fails to state a claim under the unlawful prong.  First, to the extent his claim is premised on Metlife's alleged failure to accurately apply and track Howard's loan payments and to finalize his loan modification, Howard fails to allege the predicate law that was violated by these alleged acts.  Second, to the extent that his claim is premised on the "other acts" that Metlife allegedly committed in violation of California Civil Code Section 2923.5, Howard fails to specify the nature of such acts.  Accordingly, this claim is DISMISSED WITHOUT LEAVE TO AMEND, as the Court previously granted leave to amend to Howard to cure these deficiencies but Howard failed to do so in the SAC.  See ECF No. 59 at 7; see also Ascon Properties, 866 F.2d at 1160 (holding that the district court has "broad" discretion to deny leave to amend "where plaintiff has previously amended the complaint").

#### b.      Unfair Prong

"An act or practice is unfair if the consumer injury is substantial, is not outweighed by any countervailing benefit to consumers or to competition, and is not an injury the consumers could reasonably have avoided." Daugherty v. Am. Honda Motor Co., 51 Cal Rptr. 3d 118, 129 (Cal Ct.

App. 2006).  "[T]he determination of whether a particular business practice is unfair necessarily involves an examination of its impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoing."  Berryman, 62 Cal. Rptr. 3d at 187 (Cal. Ct. App. 2007).

The Court concludes that Howard's allegations are sufficient to state a claim under the unfair prong of the UCL.  Howard alleges that, despite his efforts to obtain information about the loan from Defendants and to stay current on his loan payments in accordance with Defendants' representations about the amounts he owed, each of the Defendants, including Metlife, failed to apply his loan payments, to provide him with accurate information about his loan account, and to finalize his loan modification, which resulted in the initiation of foreclosure proceedings on the property.  SAC ¶¶ 4, 28, 50.  These allegations are sufficient to raise the reasonable inference that Metlife's alleged acts are unfair within the meaning of the UCL.  Accordingly, Metlife's motion to dismiss this claim is DENIED.

### c.      Fraudulent Prong

A plaintiff may bring a claim under the fraudulent prong of the UCL if the defendant's conduct is "likely to deceive."  Newsom v. Countrywide Home Loans, Inc., 714 F. Supp. 2d 1000, 1012 (N.D. Cal. 2010) (citing Morgan v. AT & T Wireless Servs., Inc., 99 Cal. Rptr. 3d 768, 785 (Cal. Ct. App. 2009)).  To state a claim for fraud under the UCL, a plaintiff must allege the existence of (1) a duty to disclose, and (2) reliance.  Id.  (citations omitted).  Additionally, a claim for fraudulent conduct under the UCL must meet the heightened pleading requirements of Rule 9(b).  See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).  A plaintiff satisfies his pleading burden under Rule 9(b) by alleging the "who, what, where, when, and how" of the charged misconduct.  Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997).

Here, Howard fails to state a claim against Metlife under the fraudulent prong of the UCL. His claim is premised on allegations that Metlife made misrepresentations to Howard concerning the loan.  The allegations supporting this claim, however, are insufficiently specific and therefore do not satisfy the heightened pleading requirements of Rule 9(b).  Notably, Howard's opposition contains no argument with respect to this claim; thus, Howard implicitly concedes that this claim

United States District Court
Northern District of California

11

is subject to dismissal.  Accordingly, Metlife's  motion to dismiss this claim as to Metlife is GRANTED WITHOUT LEAVE TO AMEND, given that the Court previously granted leave to amend to Howard to cure these deficiencies but Howard failed to do so in the SAC.  See ECF No. 59 at 8; see also Ascon Properties, 866 F.2d at 1160 (holding that the district court has "broad" discretion to deny leave to amend "where plaintiff has previously amended the complaint").

### 7.      Declaratory Relief

Howard alleges that an actual controversy exists between himself and each of the Defendants with respect to their rights and obligations under the loan and deed of trust; he therefore seeks a "judicial determination" of such rights.  SAC ¶¶ 103-09.

Metlife moves to dismiss this claim, arguing that there is no legal controversy between it and Howard because all of the claims that Howard has asserted against it fail as a matter of law.

 "The fundamental basis of declaratory relief is the existence of an actual, present controversy over a proper subject."  City of Cotati v. Cashman, 29 Cal. 4th 69, 79 (Cal. 2002). When the issues invoked in a request for declaratory relief "already were fully engaged by other causes of action," however, then "declaratory relief [is] unnecessary and superfluous."  Hood v. Superior Court, 33 Cal. App. 4th 319, 324 (Cal. Ct. App. 1995).

Here, the requested declaratory relief pertains to issues that are subsumed within Howard's claim for breach of contract.  Accordingly, Howard's claim for declaratory relief is DISMISSED as superfluous.

## III.      MOTION TO STRIKE

### A.      Legal Standard

A district court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Fed. R. Civ. P. 12(f).

### B.      Analysis

Metlife moves to strike Howard's request for attorney's fees on the ground that Howard has not alleged any legal or factual basis for the request.

Howard opposes the motion, arguing that he may seek attorney's fees under section 1021.5 of the California Code of Civil Procedure, which permits a plaintiff who prevails on his UCL

claim to seek attorney's fees as a private attorney general.  ECF No. 72 at 2; <u>see also</u> <u>Jackson v. Sturkie</u>, 255 F. Supp. 2d 1096, 1107-08 (N.D. Cal. 2003)  (noting that "the court may award attorney fees to a successful litigant in a UCL action" under section 1021.5).  Section 1021.5 provides that:

> Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

Cal. Code Civ. Proc. § 1021.5.

Before awarding fees under section 1021.5, however, "[t]he trial court must determine the significance of the benefit and the size of the class receiving that benefit by realistically assessing the gains that have resulted in a particular case."  <u>Flannery v. California Highway Patrol</u>, 61 Cal. App. 4th 629, 635 (Cal. Ct. App. 1998).

Here, Howard's claim under the unfair prong of the UCL has survived Metlife's motion to dismiss.  Accordingly, because Howard may seek attorney's fees in connection with this claim if he satisfies the requirements of section 1021.5 later in the litigation, Metlife's  motion to strike Howard's request for attorney's fees under section 1021.5 is DENIED.

## IV.   CONCLUSION

Metlife's motion to dismiss each of the claims that Howard has asserted against it is GRANTED IN PART and DENIED IN PART, and Metlife's motion to strike is DENIED. Howard may file an amended complaint that cures the deficiencies identified in this order within

/ / /
/ / /
/ / /
/ / /
/ / /

21 days of the date this order is filed.  Howard may not re-assert any of the claims that were dismissed without leave to amend in any amended complaint.

**IT IS SO ORDERED.**

Dated:  November 25, 2013

_____
JON S. TIGAR
United States District Judge